**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

DONNA CRAWFORD GONZALEZ                                              PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:15CV-730-GNS

SALVATION ARMY *et al.*                                              DEFENDANTS

### MEMORANDUM OPINION

Plaintiff Donna Crawford Gonzalez initiated this *pro se* civil action.  Upon filing the instant action, Plaintiff was obligated to provide the Court with her current address.  *See* LR 5.1(a) ("All pleadings, motions and other papers must include the name, address, and telephone number of . . . the filing party.").  Likewise, she assumed the responsibility of keeping this Court advised of her current address and to actively litigate her claims.  *See* LR 5.2(d) ("All pro se litigants must provide written notice of a change of address to the Clerk and to the opposing party or the opposing party's counsel.  Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.").

The Clerk of Court sent a mailing to Plaintiff on October 15, 2015.  The mailing was returned by the United States Postal Service marked "Return to Sender, Insufficient Address, Unable to Forward."  Plaintiff either failed to provide the Clerk's Office with her correct address or she is no longer living at her address of record and has not advised the Court of a change of address.  In any event, neither notices from this Court nor filings by Defendants in this action can be served on Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court.  *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the

district court to enter a *sua sponte* order of dismissal.").  Although federal courts afford *pro se*

litigants some leniency on matters that require legal sophistication, such as formal pleading rules,

the same policy does not support leniency from court deadlines and other procedures readily

understood by laypersons, particularly where there is a pattern of delay or failure to pursue a

case.  *Id.* at 110.  "As this court has noted, the lenient treatment generally accorded to pro se

litigants has limits.  Where, for example, a pro se litigant fails to comply with an easily

understood court-imposed deadline, there is no basis for treating that party more generously than

a represented litigant."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v.*

*Jabe*, 951 F.2d at 110).  "Further, the United States Supreme Court has recognized that courts

have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack

of prosecution."  *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v.*

*Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Plaintiff has failed to comply with this Court's Local Rules by failing to provide

her current address, the Court concludes that this case must be dismissed for lack of prosecution.

The Court will dismiss the action by separate Order.

Date:     December 3, 2015

**Greg N. Stivers, Judge**
**United States District Court**

cc:      Plaintiff, *pro se*
         Defendants
4416.010

2